UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE LAMPKIN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>LOUIS A. GAPPA, et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>No. 10-3015 |

**MEMORANDUM**

This is a diversity action brought by plaintiff Michelle Lampkin. She alleges that defendant Louis Gappa ("Gappa") is liable for false imprisonment and negligence, as a result of a scuffle that arose at Gappa's place of employment, Gappa Fuel Oil Company, Inc. ("Gappa Fuel"). Lampkin further alleges that Gappa Fuel is vicariously liable for Gappa's acts. Gappa has also filed a crossclaim against Gappa Fuel. Pending before the court are (1) Gappa Fuel's motion to dismiss the complaint, and (2) Gappa Fuel's motion to dismiss Gappa's crossclaim.

I.

According to the complaint, Gappa Fuel is a fuel delivery company. Compl. ¶ 7. Pauline Gappa, who is not a party to this case, is the president of Gappa Fuel and is the mother of plaintiff Michelle Lampkin and of defendant Louis Gappa. *Id.* ¶¶ 8, 9.

1

Plaintiff Michelle Lampkin exercises power of attorney over Pauline Gappa's affairs. *Id.* ¶ 8.

Lampkin alleges that she went to the Gappa Fuel offices on July 22, 2008, to "discuss issues concerning the business of Defendant Gappa Fuel." Compl. ¶ 10. While at the office, Lampkin reached for an envelope addressed to her mother, Pauline. Louis Gappa sought to prevent Lampkin from taking the envelope and also sought to prevent her from leaving the office. Lampkin attempted to call 911 and a struggle ensued. Ultimately, Lampkin fell to the floor and Gappa landed on top of her, causing various injuries. As a result of this incident, Gappa was convicted of false imprisonment on February 17, 2009, in the Court of Common Please of Chester County, Pennsylvania. *Id.* ¶¶ 11–15.

The complaint alleges that Gappa Fuel is liable for Gappa's conduct because "all of the acts or failures to act which were done or not done by the Defendant Gappa Fuel were done or not done by its agent, workman, servant, and/or employee, Defendant Gappa, acting within the course and scope of his agency or employment for and on behalf of Defendant Gappa Fuel." Compl. ¶ 2. Thus Lampkin's claims against Gappa Fuel invoke the doctrine of vicarious liability, and Gappa Fuel's motion to dismiss contends that Lampkin has failed to state a claim for such liability.

II.

**A. Rule 12 (b)(6)**

In order to survive a motion to dismiss for failure to state a claim, a complaint need only include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus plaintiffs must include "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing a 12(b)(6) motion, "the facts alleged [in the complaint] must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Reasonable inferences must be drawn in favor of the plaintiff. *Id.*

**B. Vicarious Liability in Pennsylvania**

In Pennsylvania, an employer may be held liable for the torts of its employees only if that conduct falls within the servant's scope of employment. *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1276 (3d Cir. 1979). This rule applies to intentional as well as negligent conduct. *Costa v. Roxborough Mem. Hosp.*, 708 A.2d 490, 493 (Pa. Super. Ct. 1998).

To determine if conduct is within the scope of employment, Pennsylvania courts follow § 228 of the Restatement (Second) of Agency. *Id.* Section 228 states that

3

"[c]onduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpect[ed] by the master."

### III.

#### A. False Imprisonment

In this case, Lampkin's false imprisonment claim against Gappa Fuel fails to satisfy the first and fourth prerequisites for vicarious liability under § 228. The complaint is devoid of any suggestion that Gappa's responsibilities, as an employee of a fuel delivery company, included the kind of aggressive behavior that Lampkin alleges he committed. Nor is there any allegation that Gappa Fuel would have expected Gappa to engage in this sort of conduct. Lampkin relies simply on the fact that Gappa was an employee of Gappa Fuel and that the envelope giving rise to the dispute was addressed to Gappa Fuel's president. But these allegations in no way suggest that Gappa's conduct was of the kind he is employed to perform, or that his actions were expected by Gappa Fuel. Thus, Lampkin has failed to allege that Gappa was acting within the scope of his employment when he allegedly falsely imprisoned Lampkin. *See Matsko v. United States*, 372 F.3d 556, 559–60 (3d Cir. 2004) (finding that an inspector working for the Mine Safety and Health Administration was not acting within the scope of employment when

he assaulted a visitor to the office).

Moreover, none of the cases cited by Lampkin support her claim that Gappa Fuel may be held vicariously liable for the alleged false imprisonment. For example, in *Orr v. William J. Burns Int'l Detective Agency*, 12 A.2d 25 (1940), an employer was found liable for the acts of an employee who, while employed as a security guard, shot and injured the plaintiff. But unlike a guard, whose duties foreseeably include the use of force, Gappa was merely an employee of a fuel delivery company. And in *Shavers v. Sunfresh Food Service, Inc.*, 2010 WL 2595558 (W.D. Pa. 2010), the plaintiff sufficiently stated a claim for vicarious liability because he alleged, *inter alia*, that the employer "was fully aware of the attack on [plaintiff] . . . but did nothing to correct the situation; and that the [employer], in fact, endorsed the racially hostile work environment." *Id.* at *3. Here, Lampkin has not alleged that Gappa Fuel endorsed Gappa's conduct or failed to correct it, nor does she allege that Gappa Fuel was even aware of the conduct. Accordingly, Lampkin's false imprisonment claim against Gappa Fuel will be dismissed with leave to amend.

**B. Negligence**

The negligence claim against Gappa Fuel must also be dismissed. The complaint makes no factual allegations to sustain the negligence claim, nor does it address the elements of negligence. Instead, the complaint simply states that "Defendant Gappa's conduct as set forth in Count One [the false imprisonment claim] constitutes negligent

5

and careless conduct." Compl. ¶ 22. False imprisonment is an intentional tort, *Regan v. Upper Darby Twp.*, 2009 U.S. Dist. LEXIS 19807, at * 37 (E.D. Pa. 2009), and the thrust of Lampkin's allegations involve intentional conduct. *See, e.g.*, Compl. ¶ 13 ("Defendant Gappa then prevented Plaintiff from leaving the office . . . ."); *id.* ("Defendant Gappa tried to prevent Plaintiff from using the telephone . . . ."). In short, Lampkin's factual averments are insufficient to maintain a negligence cause of action. *See Martz v. Se. Pa. Transp. Auth.*, 598 A.2d 580, 582 (Pa. Commw. 1990) (affirming dismissal of negligence claim where complaint only alleged acts constituting false imprisonment and malicious prosecution). Accordingly, Lampkin's negligence claim against Gappa Fuel will be dismissed with leave to amend.[1]

### IV.

Also before the court is Gappa Fuel's motion to dismiss Gappa's crossclaim against Gappa Fuel. Dkt. 5 at 6–7. In this crossclaim, Gappa asserts that any and all injuries sustained by the plaintiff "were caused by the negligence of . . . Gappa Fuel . . . ." The crossclaim further alleges that Gappa Fuel is "solely liable to the Plaintiffs, and/or jointly and severally liable, and/or liable over to the Answering Defendant by way of indemnification and/or contribution." *Id.* at 7. Such a crossclaim is permissible under Rule 13(g). *See* Fed. R. Civ. P. 13(g) ("The crossclaim may include a claim that the

---

[1] Because both the negligence and false imprisonment claims against Gappa Fuel will be dismissed, the Third Count (for loss of consortium) is also dismissed without prejudice.

6

coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.").[2]

**A. Contribution**

Gappa has failed to state a claim for contribution. In Pennsylvania, pursuant to the Uniform Contribution Among Tort-feasors Act, there is a right to contribution among joint tort-feasors. 42 Pa. Cons. Stat. § 8324(a). "The right of contribution arises as between joint tort-feasors where a party has paid more than its fair share of liability to a third party." *Agere Sys. v. Advanced Envtl. Tech. Corp.*, 552 F. Supp. 2d 515, 519 (E.D. Pa. 2008) (citing *Swartz v. Sunderland*, 169 A.2d 289, 291 (1961)). "In order to be joint tortfeasors, 'the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury.'" *Foulke v. Dugan*, 212 F.R.D. 265, 270 (E.D. Pa. 2002) (quoting *Lasprogata v. Qualls*, 397 A.2d 803, 806 n.4 (Pa. Super. Ct. 1979)).

Here, Gappa has made no allegations that Gappa Fuel and Gappa acted together in committing the wrong, nor does he allege any independent actions by Gappa Fuel that caused plaintiff's injury. Gappa has only stated that plaintiff's injuries were "caused by the negligence" of Gappa Fuel, and accordingly his crossclaim for contribution will be

---

[2] Gappa's crossclaim against Gappa Fuel is not precluded by the fact that the complaint against Gappa Fuel will be dismissed. *See Aetna Insurance Co. v. Newton*, 398 F.2d 729, 734 (3d Cir. 1968) ("[A] dismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a codefendant.").

7

dismissed with leave to amend.[3]

**B. Indemnification**

Gappa has also failed to state a claim for indemnification. Indemnity can arise from express contract, implied contract, or by operation of law. *Boswell v. Aetna Life Ins. Co.*, 31 Pa. D. & C. 3d 94, 98 (Pa. Commw. Ct. 1984). "Indemnity arising by operation of law 'is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable.'" *Agere Sys.*, 552 F. Supp. at 519 (quoting *MIIX Insurance Co. v. Epstein*, 937 A.2d 469, 472 (Pa. Super. 2007)).

Gappa seems to argue that he has a right to indemnity because Gappa Fuel would be vicariously liable for any injury to the plaintiff that was caused by Gappa. But Gappa's theory of indeminity is backwards. Typically, when an employer is found to be vicariously liable for the employee's tort, it is the *employer* that may recover indemnity

---

[3] Gappa also points to paragraph four of Lampkin's complaint as a proper allegation of Gappa Fuel's negligence. That paragraph states, in relevant part, that "all of the acts or failures to act which were done or not done by the Defendant Gappa Fuel were done or not done by its agent." Compl. ¶ 4. First, this allegation appears only to invoke the theory of vicarious liability—i.e., that Gappa Fuel is liable by operation of law and not because of any independent negligence on its part—but vicarious liability cannot give rise to a right of contribution. *See, e.g.*, *Sleasman v. Brooks*, 32 Pa. D. & C. 3d 187, 193 (Pa. Com. Pl., 1984). Second, even if the statement were construed as alleging negligent acts directly committed by Gappa Fuel, the statement is devoid of any supporting factual allegations.

from the employee. *See Builder's Supply Co. v. McCabe*, 77 A.2d 368, 370 (1951) (when an employer is liable under the theory of respondeat superior, "the employer or principal may recover indemnity from [the employee] for the damages which he has been obliged to pay."). Although there are circumstances in which an employer is liable in indemnity to an employee—by contract, for example—Gappa has failed to articulate, either in his crossclaim or his briefing, why such liability would exist here. Accordingly, Gappa's crossclaim for indemnity will be dismissed with leave to amend.

* * * *

In conclusion, Gappa Fuel's motion to dismiss Lampkin's complaint will be granted, and Lampkin's complaint, as to Gappa Fuel, will be dismissed. Gappa Fuel's motion to dismiss Gappa's crossclaim will also be granted, and Gappa's crossclaim will be dismissed. Both Lampkin and Gappa will be granted leave to amend. An appropriate order accompanies this memorandum.