UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE LAMPKIN, and LOUIS R. LAMPKIN, Jr., <br><br> Plaintiffs, <br><br> v. <br><br> LOUIS A. GAPPA, and GAPPA FUEL OIL COMPANY, INC., <br><br> Defendants. | CIVIL ACTION <br><br> No. 10-3015 |

**MEMORANDUM**

This is a tort action brought in diversity jurisdiction by Michelle Lampkin and her spouse against Louis A. Gappa ("Gappa") and Gappa Fuel Oil Company, Inc. ("Gappa Fuel"). Lampkin's initial complaint was dismissed without prejudice as to Gappa Fuel on March 31, 2011 (Docket Nos. 18, 19). The order of March 31, 2011, also dismissed without prejudice cross-claims for indemnity and contribution asserted by Gappa against Gappa Fuel. Lampkin subsequently filed an amended complaint (Docket No. 20), and Gappa again filed cross-claims against Gappa Fuel for indemnity and contribution (Docket No. 22).

Presently before the court are Gappa Fuel's motions to dismiss the amended

1

complaint and to dismiss the cross-claims (Docket Nos. 21, 23). For the reasons that follow, the motions to dismiss will be granted in part and denied in part.

## I. Background

The operative factual allegations of the amended complaint are similar to those made in the initial complaint, which was described at length in this court's memorandum accompanying the March 31, 2011, order of dismissal.

Briefly, according to the amended complaint, Lampkin and Gappa are both children of Pauline Gappa, who is the President of Gappa Fuel. Gappa was the Secretary and Treasurer of Gappa Fuel and had operated the company for many years. "Defendant Gappa ran the business of Gappa Fuel, including having the responsibility of making all decisions for Gappa Fuel, hiring and firing employees, purchasing, selling and delivering fuel oil, and having control of the entire business operation of Defendant Gappa Fuel." Am. Compl. ¶ 12.

On July 22, 2008, Lampkin went to the offices of Gappa Fuel to discuss the company's business with Gappa. While in the offices of Gappa Fuel, Lampkin noticed an envelope addressed to her mother, Pauline Gappa. Pauline Gappa had given Lampkin power of attorney, and Lampkin attempted to take possession of the envelope. Gappa prevented her from taking the envelope; he also prevented Lampkin from leaving the office and attempted to prevent her from using the phone to call the police. In the ensuing struggle, Lampkin "was unintentionally caused to fall to the floor as a result of

Defendant Gappa's conduct and Defendant Gappa landed on top of [Lampkin]." Am. Compl. ¶ 17. Lampkin alleges that she suffered significant injuries during the fight. She also alleges that Gappa was convicted of the criminal offense of false imprisonment in the Court of Common Pleas of Chester County, Pennsylvania, for his conduct.

The amended complaint seeks identical relief as the initial complaint: money damages against both defendants, premised on one count of common law false imprisonment and one count of negligence, plus a third count (on behalf of Lampkin's spouse) for loss of consortium.

## II. Discussion

**A.     Applicable Principles of Vicarious Liability**

As explained in the memorandum accompanying the March 31, 2011, order dismissing the complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), Lampkin's initial pleading failed to allege any plausible basis for holding Gappa Fuel vicariously liable under Pennsylvania law for the allegedly tortious conduct of its employee, Gappa.[1] The applicable principles of vicarious liability were explained as follows:

> In Pennsylvania, an employer may be held liable for the torts of its

---

[1] The court has jurisdiction over this controversy because of the diversity of citizenship of the parties: the plaintiffs are citizens of Delaware, the defendants are citizens of Pennsylvania, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The alleged altercation giving rise to the plaintiffs' claims occurred at Gappa Fuel's offices in Pennsylvania, and the parties agree that the substantive law of Pennsylvania governs the dispute. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941).

3

> employees only if that conduct falls within the servant's scope of employment. *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1276 (3d Cir. 1979). This rule applies to intentional as well as negligent conduct. *Costa v. Roxborough Mem. Hosp.*, 708 A.2d 490, 493 (Pa. Super. Ct. 1998).
>
> To determine if conduct is within the scope of employment, Pennsylvania courts follow § 228 of the Restatement (Second) of Agency. *Id.* Section 228 states that "[c]onduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpect[ed] by the master."

Mem. of Mar. 31, 2011, at 3-4 (Docket No. 18). The initial complaint failed to allege any facts to suggest that Gappa's false imprisonment of Lampkin was the sort of conduct he was employed to perform or that the intentional use of force to accomplish that imprisonment was expected by his employer, Gappa Fuel. The initial complaint also failed to allege any grounds to support a claim for negligence, as the factual averments of the complaint spoke only of intentional conduct by Gappa.

**B.     Vicarious Liability for False Imprisonment**

The amended complaint again fails to allege a sufficient factual basis to hold Gappa Fuel vicariously liable for Gappa's false imprisonment of Lampkin. In an apparent effort to address vicarious liability, the amended complaint states that Gappa "would be expected to make and did in fact make all decisions regarding the business, including preventing [Lampkin] from seeing the envelope addressed to Pauline Gappa, and Defendant Gappa in his position running the business of Defendant Gappa Fuel

4

would be expected to act to prevent anyone from taking this mail." Am. Compl. ¶ 21. That factual allegation concerning Gappa's employment duties must be assumed to be true in judging the plausibility of the plaintiff's claim for entitlement to relief. *See, e.g.*, *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) ("well-pleaded factual allegations" must be assumed to be true). But even so, the amended complaint is attempting to hold Gappa Fuel vicariously liable for Gappa's act of falsely imprisoning Lampkin, not merely preventing her from taking the mail. A claim for false imprisonment requires that the tortfeasor unlawfully detained the plaintiff. *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). The amended complaint offers no factual allegations that, if true, would suggest that unlawfully detaining someone who attempted to see or open company mail would fall within the duties Gappa Fuel employed Gappa to perform, or that Gappa Fuel expected Gappa to use unlawful force to guard the mail.

The amended complaint also alleges that Gappa was acting at all times as the "alter ego" of Gappa Fuel, such that Gappa Fuel "endorsed" his conduct. Am. Compl. ¶ 24.[2] Ordinarily, the "alter ego" theory is employed when a plaintiff wishes to pierce the veil of limited corporate liability to hold the corporation's owners liable for the conduct of the

---

[2]In a similar vein, the amended complaint states that "Gappa was acting as the authorized agent of Defendant Gappa Fuel, since he ran the business, and his actions in attempting to prevent Plaintiff from taking the envelope address[ed] to Pauline Gappa, were expected and anticipated." Am. Compl. ¶ 22. "Since [Gappa] ran the business of Defendant Gappa Fuel, his actions spoke for Defendant Gappa Fuel and by his actions, Defendant Gappa Fuel tacitly approved of and endorsed his conduct." Am. Compl. ¶ 23.

corporation. *E.g.*, *Miners, Inc. v. Alpine Equip. Corp.*, 722 A.2d 691, 695 (Pa. Super. Ct. 1998) ("The alter ego theory is applicable only where the individual or corporate owner controls the corporation to be pierced and the controlling owner is to be held liable." (emphasis omitted)). Lampkin has not identified, nor is the court otherwise aware of, any decision of the Pennsylvania courts in which the "alter ego" theory has been applied to hold a corporation vicariously liable for the tortious conduct of an employee. It is a doctrine concerning abuses of the corporate form by the corporation's controlling owners, not its employees. *See generally Ragan v. Tri-Cnty. Excavating, Inc.*, 62 F.3d 501, 508 (3d Cir. 1995) (citing *Ashley v. Ashley*, 393 A.2d 637, 641 (Pa. 1978)). The amended complaint does not allege that Gappa is an owner of Gappa Fuel and, even if it did, Gappa's alleged role as the alter ego of the company would be relevant only if Lampkin were attempting to hold Gappa liable for the obligations of the company. She is attempting to do the opposite.

In some contexts, an employer's failure to correct the conduct of an employee might suffice to ground an inference that the employer supported or condoned the conduct and thus that the conduct was within the scope of employment. *See, e.g.*, *Iandiorio v. Kriss & Senko Enters., Inc.*, 517 A.2d 530, 533-34 (Pa. 1986) (discussing instances where employer's tolerance of employee smoking during breaks may bring smoking within the scope of employment). But there is nothing in the amended complaint, other than the conclusory allegation that Gappa Fuel "tacitly approved of and

endorsed" Gappa's conduct, to indicate that Gappa Fuel was aware of the false imprisonment, let alone approved it. Even at the pleading stage, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (quoting Fed. R. Civ. P. 8(a)). Gappa Fuel's motion to dismiss the first count of the amended complaint, alleging false imprisonment, will be granted, and that count will be dismissed with prejudice as to Gappa Fuel.

## C. Vicarious Liability for Negligence

The question of whether Gappa Fuel could be vicariously liable for Gappa's negligence was not reached in this court's dismissal of the initial complaint, because the initial complaint failed to state a claim for negligence at all. "[T]he thrust of Lampkin's allegations [in the initial complaint] involve[d] intentional conduct." Mem. of Mar. 31, 2011, at 6. The amended complaint addresses this deficiency by averring that Gappa "unintentionally caused [Lampkin] to fall to the floor . . . and . . . landed on top of [Lampkin]." Am. Compl. ¶ 17.[3] It is now clear that Lampkin's theory is that Gappa

---

[3] "In order to state a valid cause of action for negligence, a plaintiff must plead four elements: (1) a duty or obligation recognized by the law that requires an actor to conform his actions to a standard of conduct for the protection of others against unreasonable risks; (2) failure on the part of the defendant to conform to that standard of conduct, *i.e.*, a breach of duty; (3) a reasonably close causal connection between the breach of duty and the injury sustained; and (4) actual loss or damages that result from the breach." *Nading v. Boice*, 61 Pa. D. & C.4th 353, 358 (Pa. Com. Pl. 2003); *accord Morena v. S. Hills*

intentionally confined her in the office (supporting the claim for false imprisonment) and unintentionally caused her to fall to the floor and then fell on top of her (supporting the claim for negligence).

As explained above, an employer may be held vicariously liable for the negligent acts of an employee only if the negligent acts "were committed during the course of and within the scope of the employment." *Costa v. Roxborough Mem. Hosp.*, 708 A.2d 490, 493 (Pa. Super. Ct. 1998). The amended complaint alleges that safekeeping the mail of the corporation was within the scope of duties assigned to Gappa. Am. Compl. ¶ 21. If Grappa acted negligently in the course of performing this duty, Gappa Fuel may be held vicariously liable for the harm caused by his negligence. *E.g.*, *Dillow v. Myers*, 916 A.2d 698, 700 (Pa. Super. Ct. 2007) (vicarious liability for employee's negligent operation of vehicle); *cf.* Restatement (Second) of Agency § 243 (1958) ("A master is subject to liability for physical harm caused by the negligent conduct of servants within the scope of employment.").

It may well be that Gappa was not acting unintentionally under the circumstances; Gappa Fuel argues that the amended complaint alleges a common law battery in all but

---

*Health Sys.*, 462 A.2d 680, 684 n.5 (Pa. 1983) (listing same elements). The amended complaint does not allege in so many terms that Gappa owed Lampkin a duty of care or that he breached that duty of care by "unintentionally caus[ing] [Lampkin] to fall to the floor." A complaint for negligence that fails to contain the terms "duty" and "breach" is undoubtedly poorly drafted, but the tort is commonplace and the alleged existence of a duty and a breach may be inferred from the other allegations of the complaint.

name. Def. Gappa Fuel's Mot. to Dismiss, at 9 (Docket No. 21). It may also be that holding onto mail addressed to Pauline Gappa was not within the scope of duties assigned by Gappa Fuel to Gappa, or that Gappa was acting solely for personal reasons and not any purpose to serve Gappa Fuel. The alleged altercation seems to bespeak an unfortunate intra-family dispute more than anything associated with the business of fuel delivery. But as pleaded, the amended complaint contains a sufficient factual basis to state a plausible claim for negligence against Gappa and, vicariously, Gappa Fuel. Whether the allegations will accord with the evidence remains to be seen, but Gappa Fuel's motion to dismiss the amended complaint's count for negligence will be denied.[4]

**D.      Cross-Claims for Contribution and Indemnity**

Gappa has asserted cross-claims against Gappa Fuel for contribution and indemnity, which Gappa Fuel has also moved to dismiss.[5] As explained in the memorandum of March 31, 2011, contribution is a cause of action that arises among joint-tortfeasors and not between one tortfeasor and another vicariously liable tortfeasor. Indemnity is a cause of action that may arise by operation of law between one tortfeasor

---

[4]Because the second count of the complaint will be permitted to proceed against Gappa Fuel, the third count of the complaint (a derivative claim for loss of consortium by Lampkin's spouse) will also be permitted to proceed.

[5]Gappa Fuel filed a "Brief in Support of Motion to Dismiss Co-Defendant Louis A. Gappa's Amended Cross-Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6)" on May 10, 2011 (Docket No. 23). But the docket does not appear to contain a separate motion to dismiss the cross-claims. Nevertheless, both Gappa Fuel and Gappa have treated the "Brief in Support of Motion to Dismiss" as itself a motion to dismiss, and it will be construed as a motion by the court.

and another vicariously liable tortfeasor, but it runs in the opposite direction (*i.e.*, an employer held vicariously liable for the tort of an employee may seek indemnification from the employee). Mem. of Mar. 31, 2011, at 7-8. Gappa's initial cross-claims failed to allege any basis to support either contribution or indemnity, and Gappa has done nothing to address these defects.[6] For the reasons already stated at length in the memorandum of March 31, 2011, Gappa Fuel's motion to dismiss the cross-claims will be granted, and the cross-claims will be dismissed with prejudice.

---

[6]The amended cross-claim contains a new paragraph, but the new paragraph simply states in substance that "Gappa Fuel . . . is vicariously liable" for the alleged negligence of Gappa. Def. Gappa's Ans. & Cross-Claims, at 8 ¶ 3 (Docket No. 22). The allegation that Gappa Fuel is vicariously liable for Gappa's negligence does not support a claim for contribution or indemnity by Gappa against Gappa Fuel.